UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : Cr. No. 06-173 (JR) |
| | : |
| DEMETRIACE MOORE, | : |
| | : |
| A/K/A LINWOOD ASHTON | : |
| | : |

### DEFENDANT'S MOTION TO STRIKE ALIAS FROM INDICTMENT

Defendant Linwood Ashton, by his attorney, moves this court to strike prejudicial surplusage from his indictment. In support of this motion defendant states the following:

1. The defendant's true name is Linwood Ashton. That is the only name that he gave at the time of his arrest. All of the police paperwork generated as a result of his arrest reflects only that name.

2. It was during booking that a police officer informed the defendant that his name was really Demetriace Moore. The defendant tried to tell the officer that someone had made a mistake, but his protests were ignored. The mistake continued at the D.C. Jail, where Ashton was assigned the D.C.D.C. number that belongs to Demetriace Moore.

3. Because the defendant never provided this alias or in any way attempted to hide his true identity, the alias is not relevant to any issue in the case. Accordingly, it must be stricken.

**WHEREFORE**, the defendant respectfully prays that the court order the government to strike the name "Demetriace Moore" from the indictment, as well as the term "A/K/A". The

caption of the case should read **United States v. Linwood Ashton.** The defendant consents to an amendment of the indictment to reflect this change.

### POINTS AND AUTHORITIES

1. F.R.Cr.P. 7(d) provides that the "court on motion of the defendant may strike surplusage from the indictment . . . ." The Advisory Committee Note states that this subsection "introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment . . . , which may, however, be prejudicial."

2. When it comes to the use of an alias in an indictment, it is long- and well-settled that

> If the government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment, the inclusion of the alias in the indictment is both relevant and permissible, and a pretrial motion to strike should not be granted. (Citations omitted.) However, if the prosecution either fails to offer proof relating to the alias or the alias, though proven, holds no relationship to the acts charged, a motion to strike may be renewed, the alias stricken and an appropriate instruction given to the jury. (Citations omitted.)

*United States v. Clark,* 541 F.2d 1016, 1018 (4th Cir. 1976). *Accord, United States v. Brodie,* 326 F.Supp.2d 83, 90 (D.D.C. 2004).

3. The government can satisfy neither of these criteria. It cannot prove the alias, as the defendant has never used it himself. And even if proved, the alleged alias would bear no relationship to the acts charged or serve to identify the defendant. Indeed, it is difficult to imagine the circumstances under which the government would need to prove the identity of the defendant in a single-defendant case.

4. If the government tried to introduce evidence of the alleged alias at trial, that evidence would have to be excluded under F.R.E. 402 as irrelevant. It would not tend "to make the existence

-2-

of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." F.R.E. 401. Although the indictment is not evidence, it is to be "a plain, concise and definite written statement of the essential facts constituting the offense charged." F.R.Cr.P. 7(c)(1). A reference to an inadmissible alias can surely not be considered a statement of essential fact.

5. Assuming *arguendo* that the court were to find that the alleged alias had some relevance, its use at trial would still be forbidden by F.R.E. 403, in that its probative value would be "substantially outweighed by the danger of unfair prejudice, . . . ." The prejudicial value of an alias is substantial: " . . . [A]n alias – even a single alias – can serve no purpose but to arouse suspicion that the accused is a person who has found it useful or necessary to conceal his identity." *United States v. Grayson,* 166 F.2d 863, 867 (2d Cir. 1948).

Respectfully submitted,

\_\_\_\_\_/s/_____
Cheryl D. Stein #256693
706 12th Street, N.E.
Washington, D.C. 20002
(202) 388-4682
  Attorney for Linwood Ashton