UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 06-173(JR) |
| v. : | |
| : | |
| : | Trial:  October 18, 2006 |
| DEMETRIACE MOORE, : | |
| A/K/A LINWOOD ASHTON, : | |
|     Defendant. : | |

### GOVERNMENT'S PRETRIAL STATEMENT

The United States submits the following pretrial statement.

*Government's Proposed Statement of the Case*

This is a criminal case.  The Government has charged Defendant, Linwood Ashton, with (1) Unlawful Possession with Intent to Distribute Phencyclidine, also known as PCP, and Piperdinocyclohexanecarbonitile, also known as PCC; (2) Unlawful Possession with Intent to Distribute Phencyclidine, also known as PCP, and Piperdinocyclohexanecarbonitile, also known as PCC, within 1000 feet of a school; (3) Unlawful Possession with Intent to Distribute Cannabis; (4) Unlawful Possession with Intent to Distribute Cannabis within 1000 feet of a school; and (5) Simple Possession of a Controlled Substance (Heroin).  The Government alleges that on or about February 23, 2006, Mr. Ashton possessed a mixture containing PCP and PCC, and that he also possessed cannabis, which is commonly known as marijuana.  The Government alleges that at the time Mr. Ashton possessed both the PCP and PCC mixture and the cannabis, which is commonly known as marijuana, defendant intended to distribute them.  The Government further claims that at the time, Mr. Ashton possessed the PCP and PCC mixture and the cannabis, he was within 1000 feet of a school, Ludlow Elementary.  Finally, the government contends that Mr. Ashton possessed a controlled substance (heroin).  Mr. Ashton maintains that he is innocent of these charges.

### *Government's Proposed Voir Dire Questions*

The process of jury selection is called voir dire, and its object is to select twelve jurors and two alternates who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.  I will now ask you a series of questions.  Before each question, I will give you the number of the question.  If your answer to a question is yes, please write the number of the question down on the card which has been provided to you.  If you do not have an index card and pen, please raise your hand now.

1. The government alleges that the charged offenses occurred on or about February 23, 2006, at about 4:30 p.m., in the 600 block of 7th Street, Northeast, in Washington, D.C.  Based on this information, do you believe that you know anything about this case?

2. Do you have any particular familiarity with the location of the alleged offense, the 600 block of 7th Street, Northeast?

3. The United States is represented by Assistant United States Attorneys Denise M. Clark and Debra L. Long-Doyle.  Do you know or know of Ms. Clark or Ms. Long-Doyle?

4. Mr. Ashton is represented by Cheryl D. Stein.  Do you know or know of Ms. Stein?

5. Mr. Ashton grew up in the Washington, D.C. area  Do any of you, your relatives or friends, know, or know of, Mr. Ashton?

6. During the presentation of evidence by the United States, you may hear testimony from or about the following persons: [*List to be provided at trial*].  Does any member of the panel know or know of any of these prospective witnesses?

7. The defendant, Mr. Ashton, has no obligation to present any evidence or witnesses.  If, however, he and his counsel choose to call a witness or witnesses, you may hear testimony from or about the following persons: [*List to be provided at trial*].  Do you know or know of any of these prospective witnesses?

8. As I stated, I am Judge Robertson.  My courtroom clerk is Alphaeus Richberg, and my law clerk is _____.  The court reporter is Rebecca Stonestreet.  Do you know me or any member of my staff?

9. Please take a moment to look around the room at your fellow panel members.  Do any of you know any other members of the jury panel?

10. Mr. Ashton is charged with (1) Possession with Intent to Distribute Phencyclidine also known as PCP and Piperdinocyclohexanecarbonitile, also known as PCC; (2) Possession with Intent to Distribute Phencyclidine also known as PCP and Piperdinocyclohexanecarbonitile, also known as PCC, within 1000 feet of a school; (3) Possession with Intent to Distribute Cannabis; (4) Possession with Intent to Distribute Cannabis within 1000 feet of a school; and (5) Simple Possession of a Controlled Substance (heroin).   Do you have such strong feelings about the possession and/or the legalization of narcotics that the nature of the charges would

make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

11. One of the fundamental principles of our legal system is that when a person is brought to court charged with a crime, that person is presumed innocent unless and until the government presents evidence that convinces you of guilt beyond a reasonable doubt. Would you have any difficulty in applying this principle of law?

12. Even though Mr. Ashton has been arrested in this case, he is presumed innocent unless the government proves guilt beyond a reasonable doubt. Does the fact that Mr. Ashton has been arrested make it difficult for any of you to presume now that he is innocent?

13. There has been an indictment in this case. An indictment is merely a formal way of presenting charges. It is a way to inform Mr. Ashton, the Court and the members of the jury what he is charged with. It has no other purpose. Is there anyone here who would presume Mr. Ashton is guilty merely because an indictment formally charged him with a crime?

14. The government has the burden of proving Mr. Ashton guilty. This burden of proof never shifts to the defendant. Would you have any difficulty in applying this principle of law?

15. If you are chosen to sit as a juror, at the end of this case the Court will instruct you as follows: "If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, you must find him

guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty." Would you, for any reason, not be able to follow this instruction?

16. The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be. Would you have any difficulty at all in following this principle?

17. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you for any reason not be able to accept and follow my instructions regarding the law?

18. Some of the government witnesses in this case are police officers. Do you believe that police officers are more or less credible than other witnesses simply because they are police officers?

19. Have you or any of your relatives or any close friends ever worked, in any capacity, for (or have an application pending to work for) any type of law enforcement agency, including: the Metropolitan Police Department, the Federal Bureau of Investigation, the United States Secret Service, the Internal Revenue Service, the United States Marshals Service, the United States Park Police, the Bureau of Immigration and Customs Enforcement, or any other federal, state or local law enforcement agency?

20. Are any of you now or have you been active members or participants in any crime prevention organizations, such as the "Orange Hats"?

21. Have you, or any of your immediate family members or close friends studied law or had any legal training?

22. Have you, your relatives, or close friends ever worked, in any capacity, for (or have an application pending to work for) a local, state, or federal prosecutor's office, such as the D.C. Attorney General's Office, the United States Attorney's Office, or a state's attorney or commonwealth attorney?

23. Have you or any of your relatives or any close friends ever worked, in any capacity, with or for (or have an application pending to work for) a defense attorney or an investigator working for a defense attorney?

24. Have any of you formed special opinions concerning defense attorneys, prosecutors or accused persons that would affect you in deciding this case?

25. Have you, your relatives, or close friends ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

26. Have you ever served as a juror in a trial?

27. Have you ever served as a grand juror?

28. Have you heard or seen anything in your previous jury service that would make it difficult for you to sit in this case?

29. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Would you, for any reason, not be able to accept and follow the Court's instructions about the law?

30. Have you, or any of your relatives or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime?

31. Do you have any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

32. Do you have a hearing problem, uncorrected by a hearing device, or a problem with your eyesight, uncorrected by glasses, such that it would make it difficult for you to hear or see the evidence presented in this case?

33. Do you have an illness or other medical condition which would make it difficult for you to sit as a juror?

34. Do you need to take any medication which might cause drowsiness or otherwise make it difficult for you to remain alert and attentive during these proceedings?

35. The presentation of the evidence in this case is expected to take two to three days, after which the jury will begin deliberations. Do you have an urgent or extremely important matter to attend to such that you would be faced with a hardship if selected for the jury in this case?

36. If chosen as a juror, you should stand by your own opinion based on the evidence that comes in at trial and give Mr. Ashton the benefit of your individual judgment. Is there anyone who believes that they would be unable to do that?

37. It is neither Mr. Ashton's nor his attorney's responsibility to prove Mr. Ashton innocent. Because Mr. Ashton is presumed innocent, he need not testify, nor offer

*United States v. Demetriace Moore a/k/a Linwood Ashton*, No. 06-173(JR)
Government's Pretrial Statement
Page 7 of 17

      any evidence. Would you view his and his attorney's decision not to put on a defense as evidence of guilt?

38.    Do you know of any reason whatsoever, not covered by the Court's questions, why you could not or should not sit as a juror in this case or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

## Government's Proposed Jury Instructions

*Instructions Before and During Trial*

| | |
|---|---|
| 1.02 | Notetaking |
| 1.03 | Preliminary Instruction Before Trial |
| 1.04A | Stipulation of Fact |
| 1.05 | Cautionary Instruction Prior to First Recess |
| 1.07 | Question Not Evidence |
| 1.08 | Expert Testimony (if necessary) |
| 1.10 | Evaluation of Prior Inconsistent Statement of a Witness (if necessary) |
| 1.11 | Evaluation of Prior Consistent Statement of a Witness (if necessary) |
| 1.13 | Impeachment by Proof of Conviction of a Crime — Defendant (if necessary) |

*Final Instructions*

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 2.04 | Evidence in the Case |
| 2.05 | Statements of Counsel |
| 2.06 | Indictment or Information Not Evidence |
| 2.08 | Burden of Proof — Presumption of Innocence |
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |

| | |
|---|---|
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges Not to Be Considered |
| 2.26 | Police Officer's Testimony |
| 2.27 | Right of Defendant Not to Testify |
| 2.28 | Defendant as Witness |
| 2.51(B) | Evidence of Other Crimes |
| 2.52 | Multiple Counts – One Defendant |
| 2.71 | Selection of Foreperson |
| 2.72 | Unanimity of Verdict |
| 2.73 | Exhibits During Deliberations |
| 2.74 | Possible Punishment Not Relevant |
| 2.75 | Communications Between Court and Jury During Jury's Deliberations |
| 2.76 | Furnishing the Jury with a Copy of the Instructions |

*Definitions and Proof*

| | |
|---|---|
| 3.02 | Proof of State of Mind |
| 3.07 | "On or About" — Proof of |
| 3.08 | Possession |

*Offenses*

4.29    Possession of a Controlled Substance with Intent to Distribute

The essential elements of possession with intent to distribute a controlled substance, each of which the government must prove beyond a reasonable doubt are:

1. That the defendant possessed a controlled substance.

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person.

4. The law makes (a) PCP and PCC and (b) cannabis, also known as marijuana, a controlled substance. You must decide whether the materials were (a) PCP and PCC and/or (b) cannabis, also known as marijuana. In doing so, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

Definition of Possession

See Instruction 3.08. (Possession – Defined).

There are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical

control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the pistol and ammunition, alone or with someone else.

4.28    Simple Possession of a Controlled Substance

The essential elements of simple possession of a controlled substance, each of which the government must prove beyond a reasonable doubt are:

1. That the defendant possessed a controlled substance.

2. That the defendant did so knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. The law makes heroin a controlled substance. You must decide whether the materials were heroin. In doing so, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed some measurable amount of a

controlled substance. A measurable amount is an amount that can be assigned a numerical value, although no particular value must be proven.

Definition of Possession

See Instruction 3.08. (Possession – Defined).

There are two kinds of possession : actual and constructive.

A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the pistol and ammunition, alone or with someone else.

**GOVERNMENT PROPOSED JURY INSTRUCTION ON REASONABLE DOUBT**

2.09       Reasonable Doubt

The government requests that in place of Instruction 2.09 from *Criminal Jury Instructions for the District of Columbia*, this Court give Instruction 21, Definition of Reasonable Doubt, from *Pattern Criminal Jury Instructions*, which was approved by this circuit in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 06-173 (JR)** |
| v. | : | |
| | : | |
| | : | **Trial: October 18, 2006** |
| **DEMETRIACE MOORE,** | : | |
| **A/K/A LINWOOD ASHTON,** | : | |
| | : | |
| Defendant. | : | |

## **VERDICT**

Count One:

    As to the charge of unlawful possession with intent to distribute Phencyclidine, also known as PCP, and Piperdinocyclohexanecarbonitile, also known as PCC, we, the jury, find the defendant:

    Not Guilty _____  Guilty _____


Count Two:

    As to the charge of unlawful possession with intent to distribute Phencyclidine, also known as PCP, and Piperdinocyclohexanecarbonitile, as known as PCC, within 1000 feet of a school, we, the jury, find the defendant:

    Not Guilty _____  Guilty _____


Count Three:

    As to the charge of unlawful possession with intent to distribute Cannabis, also known as marijuana, we, the jury find, the defendant:

    Not Guilty _____  Guilty _____

Count Four:

      As to the charge of unlawful possession with intent to distribute Cannabis, also known as marijuana, within 1000 feet of a school, we, the jury find, the defendant:

      Not Guilty _____   Guilty _____

Count Five:

      As to the charge of unlawful possession of a controlled substance (heroin), we, the jury, find the defendant:

      Not Guilty _____   Guilty _____

_____                _____
Date                                                                 Foreperson

          Respectfully submitted,


       BY: /s/
          DENISE M. CLARK
          DEBRA L. LONG-DOYLE
          Assistant United States Attorney
          555 Fourth Street, N.W., Room 4840
          Washington, D.C. 20530
          (202) 353-8213