UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-173(JR) |
| | : | |
| v | : | |
| | : | |
| DEMETRIACE MOORE, | : | |
| A/K/A LINWOOD ASHTON. | : | |

**GOVERNMENT'S MOTION IN LIMINE SEEKING ADMISSION OF
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain evidence pursuant to Federal Rule of Evidence 404(b). The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

**Factual Background**

The defendant has been charged in a five-count indictment with Unlawful Possession with Intent to Distribute Phencyclidine and Piperdinocyclohexanecarbonitile, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)©; Unlawful Possession with Intent to Distribute Phencyclidine and Piperdinocyclohexanecarbonitile within 1000 feet of a school, in violation of 21 U.S.C. Sections 860(a); Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. Section 841(a)(1) and 841(b)(1)(D); Unlawful Possession with Intent to Distribute Cannabis within 1000 Feet of a School, in violation of 21 U.S.C. Section 860(a); and Simple Possession of a Controlled Substance, in violation of 21 U.S.C. 844(a).

On February 23, 2006 at approximately 4:30 p.m., Metropolitan Police Department Officers Charles Johnson and Milliard Pitts were riding in a marked police cruiser when they

1

observed a light-colored Volkswagon, with heavily tinted windows and Virginia tags 4847S, traveling southbound in the 600 block of 7th Street, Northeast, Washington, D.C. Because the officers suspected that the tint on the windows of the Volkswagon was darker than permitted by law in the District of Columbia, the officers activated their lights and sirens and pulled the car over in the 600 block of 7th Street, Northeast. Before approaching the car, Officer Pitts used the cruiser's public announcement system and asked the driver to roll down all the windows of the car. Officer Pitts did this so that the officers could see inside of the vehicle. After the windows were down, the officers were able to see that there were two men inside – the driver, defendant Demetriace Moore a/k/a Linwood Ashton, and the passenger, Andre Cole. The officers then walked up to the car and upon doing so, they smelled the odor of Phencyclidine ("PCP") emanating from the car. Officer Pitts advised defendant Moore of the reason for the stop and asked for his permit, registration and proof of insurance. Defendant Moore produced only his Washington, D.C. issued identification card and the vehicle's registration. Officer Pitts returned to his police cruiser, where he ran defendant Moore's personal information through the WALES/NCIC system. At that time, the officer learned that defendant Moore had a suspended permit and therefore arrested him. In a search incident to arrest, officers found $1237.29 and a digital scale on defendant's person. The officers subsequently tested the tint on the windows of defendant's car and determined that the tint was darker than allowed by the District of Columbia. The officers then issued defendant a notice of infraction for violating the tint laws. He also received a notice of infraction for failing to exhibit proof of insurance.

 While defendant Moore was being arrested, Officer Johnson noticed a black bag on the floor board of the front passenger seat. Officer Johnson asked the passenger, Andre Cole, to step

out of the car.  The officers then looked into the black bag and found several empty small ziplock bags and an Altoid can which contained three vials of what the DEA laboratory later confirmed was PCP.  The officers then rolled up the windows of the car and closed the doors in an attempt to preserve the smell, until a canine unit arrived on the scene.

When the drug sniffing dog arrived, it alerted on the trunk.  In the trunk, officers found an eye dropper, and empty bottles and caps inside a plastic bag.  In the area of the trunk where the jack is usually stored, officers found 99.8 grams or marijuana and 14 ounces of PCP in 2 bottles.  The dog also alerted on the drive shaft in the car.  There, officers found 6 ziplocks of heroin.  On the scene, defendant Moore spontaneously stated that the bag that the officers found in the car belonged to him.

## OTHER CRIMES AND BAD ACTS EVIDENCE

The government seeks to introduce evidence of the facts and circumstances surrounding the two occasions, prior to defendant's arrest on February 23, 2006, on which Officer Pitts observed defendant driving the light colored Volkswagon bearing Virginia tag 4847S.  This car is the same car defendant was driving when he was stopped on February 23, 2006.  According to the government's evidence, on January 20, 2006, Officers Richmond Phillips and Milliard Pitts observed defendant driving that light colored Volkswagon bearing Virginia tag number 4847S in the 600 block of 9th Street, Northeast.  The officers, who were responding to a call for assistance, noticed defendant's car because defendant failed to yield to their emergency vehicle as they tried to pass him.  The officers conducted a traffic stop.  Upon obtaining defendant's relevant information, they conducted a WALES check and learned that he had a suspended license.  Defendant was then arrested.  On that occasion, the officers did not search defendant's car

because the end of their shift was fast approaching.

A few weeks after that encounter but before defendant's arrest in this case, Officer Pitts again observed defendant operating the light colored Volkswagon in the vicinity of 900 G Street, Northeast.  This time, Officer Pitts noticed that defendant was speaking on a telephone while he was operating the car, which is a clear violation of D.C. traffic law.  Although Officer Pitts could have cited defendant for such a violation, he chose not to because defendant had an infant in the car.  The government seeks to introduce the evidence of both prior encounters under Federal Rule of Evidence 404(b), for the purpose of proving that this car, which was registered to a person residing in Virginia, was in fact a car that defendant regularly drove and was not a car that defendant just happen to borrow on the one occasion when the narcotics were found in it.  Further, this evidence is probative because it undercuts any suggestion that Officer Pitts was simply "out to get" defendant or had any bias against him.

## Legal Analysis and Argument

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929.  As the Court of Appeals has noted en banc, while "the first sentence of the rule is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal quotations omitted).  In short, " Rule 404(b) bars not evidence as such, but a theory of

admissibility." Id.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore, 732 F.2d at 989.  See Huddleston v. United States,  485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[1]

---

[1] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id.  And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to

In this case, it is of significant probative value that the car the officers stopped defendant in on February 23, 2006 and in which they found narcotics is the same car that the officers observed defendant operating on at least two prior occasions within a thirty day period of time. Indeed, without this evidence, the jury would be left with the misimpression that defendant was unconnected to this car, except that he just happened to be driving it on the day he was arrested in this case. With this evidence, the jury will understand that even though the car is registered to someone else, defendant was driving this car on at least a periodic basis in the months of January and February.

Moreover, this evidence is particularly significant because it will undercut any suggestion that Officer Pitts had a personal bias against the defendant and was simply looking for an opportunity to "get" defendant. Indeed, the evidence will show that although Officer Pitts had prior encounters with defendant, Officer Pitts had always displayed a certain amount of largess in these encounters. Indeed, with respect to the January 20, 2006 arrest, neither Officer Pitts nor any of the other officers searched defendant's car after he was stopped. Further, when Officer Pitts encountered defendant a few weeks later, he did not stop defendant when he saw defendant operating his car while using a cellular telephone, which is a violation of D.C. traffic laws, because defendant had an infant in the car.

The significant probative value of the evidence here is clearly <u>not</u> outweighed by the danger of unfair prejudice in this case. Indeed, in this case, there is little to no danger of unfair prejudice attendant to admitting this evidence. In both of the prior encounters, defendant at most violated traffic laws. It is simply implausible to think that a jury would assume that just because

---

the other crimes evidence and the charged conduct. <u>Ibid</u>.

defendant may have previously violated the traffic laws, he necessarily violated the drug laws. Further, whatever prejudice the defendant may perceive, can adequately be addressed through the use of a limiting instruction to the jury.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence be granted.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney

                              _____/s/_____
                              Denise M. Clark
                              Assistant United States Attorney
                              Federal Major Crimes, D.C.  Bar No. 479149
                              555 4th Street, N.W.  #4840
                              Washington, DC 20530
                              Phone: 202-353-8690
                              Fax: 202-353-9414

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served on the attorney for the defendant, Cheryl Stein, on this 12th day of October 2006.

                                                                                      _____
                                                                                      Denise M. Clark
                                                                                      Assistant United States Attorney