**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | :    **No. 06-173 (JR)** |
| | : |
| **LINWOOD ASHTON** | : |
| | : |

**DEFENDANT'S RESPONSE TO PRESENTENCE REPORT**

Defendant Linwood Ashton, by his attorney, makes the following corrections and additions to the presentence report:

1. Cover page: The cover page of the report lists "Demetriace Moore" as an alias for the defendant. The defendant has never used this name. As was established at a pretrial motions hearing, the assignment of that name to the defendant was a mistake made by the MPD fingerprint section when the defendant was booked. The arresting officer admitted at the hearing that the defendant did not provide this name to the police. As a result of the testimony, the court ordered that the alias be stricken from the indictment and that the government refrain from using the name during the trial. There is a Demetriace Moore in the District who has a record of arrests and incarceration. If Moore's name remains on the defendant's presentence report – which will be placed in his institutional file within the Bureau of Prisons – then prior crimes or disciplinary infractions by Moore might be used against Mr. Ashton. Should Moore receive a sentence that sends him to the BOP, the potential for confusion and error will be increased.

2. Page 2: The defendant has never used an alias. The reference to "Demetriace Moore"

should be deleted from this page for the reasons stated in the preceding paragraph.

3. Page 3, paragraph 1: The reference to Demetriace Moore should be removed.

4. Page 3, paragraph 3: Although the government did file an information regarding prior drug conviction, it is a legal nullity. The information was filed pursuant to 21 U.S.C. § 841(b)(1)(B), despite the fact that the defendant was never indicted under that section. The information filed by the government has no legal effect.

5. Page 4, paragraph 16: The base offense level is 28, not 34 as reflected in the report.

The defendant has several objections to this paragraph. First, he objects to the inclusion of the heroin and the marijuana in the calculation. Not only was the defendant found not guilty on the heroin count, but he was indicted only for simple possession. Thus, even if the court found beyond a reasonable doubt that the defendant was guilty of possession of heroin – a finding that cannot be made on the trial record – the inclusion of the weight of the heroin would still be error. § 2D1.1 applies by its own terms only to drug trafficking offenses. It does not apply to convictions for simple possession.

The jury hung on the marijuana count. The defendant submits that the presentence report writer had no basis on which to conclude beyond a reasonable doubt that the defendant committed that offense. Indeed, the probation officer does not even purport to make such a finding.

According to the DEA analysis offered into evidence by the government, the net weight of the PCP was 181.7 grams – not 182.5, as reflected in the report. According to the Drug Quantity Table at U.S.S.G. § 2D1.1, the offense level for more than 100 grams, but less than 400 grams, of PCP is 26. The probation officer has erred in finding that it is 32.

Even if the court rejects the defendant's position that the marijuana should not be included in the total weight of the drugs, the correct offense level is still 26. According to the Drug Equivalency Tables found in the Commentary following § 2D1.1, one gram of PCP is equivalent to one kilogram of marijuana – not 10 kilograms, as erroneously represented in the report. Therefore, the 181.7 grams of PCP would translate into 181.7 kilograms of marijuana. Adding that number to the 0.0998 kilogram of marijuana reflected in the DEA analysis yields a total equivalent weight of 181.8 kilograms of marijuana. A quantity of more than 100 kilograms, but less than 400 kilograms, of marijuana results in an offense level of 26.

The defendant agrees that the guidelines also call for the addition of two points because of the protected location. Therefore, the base offense level is 28.

6. Page 5, paragraph 21: The adjusted offense level is 28.

7. Page 5, paragraph 24: The correct total offense level is 28.

8. Page 8, paragraph 39: Until his grandmother's funeral, the defendant had had no contact with his father since 1983, not 1993. The defendant's mother worked at the Lorton Correctional Facility, not Loudon County.

9. Page 11, paragraph 57: Based on a total offense level of 28 and a criminal history category of III, the guideline range is 97-121 months.

10. Page 11, paragraph 56: The maximum statutory penalty provided for in 21 U.S.C. § 841(b)(1)(C) is 20 years. It is not a Class B felony.

More important, however, is the fact that the indictment is wrong in referring to § (b)(1)(C). That paragraph, by its own terms, applies only to distribution of Schedule I and II substances (plus two other enumerated substances). The indictment erroneously refers to PCP as

a Schedule II controlled substance.  In fact, phencyclidine is a Schedule III drug, pursuant to 21

U.S.C. § 812.  Phencyclidine is cited in Schedule III(b)(7).  Because the defendant was not indicted

under 21 U.S.C. § 841(b)(1)(B) and no quantity was specified in the indictment or submitted to

the jury for deliberation and because § 841(b)(1)(C) does not apply to the defendant's offense, he

must be sentenced under § 841(b)(1)(D).  The terms of that paragraph, read together with the

sentencing provisions of 21 U.S.C. § 860, provide for a maximum statutory sentence of ten years.

11.  Page 11, paragraph 58:   A term of supervised release of two years is required by 21

U.S.C. § 841(b)(1)(D).

12.  Page 11, paragraph 59: A term of supervised release of between two and three years

is called for in the Guidelines.  U.S.S.G. § 5D1.2(a)(2).

13.  Page 11, paragraph 61: The defendant is not ineligible for probation under the statute,

as this is not a Class B felony.

14.  Page 12, paragraph 65: The maximum fine is $500,000, pursuant to 21 U.S.C. § 860

and § 841(b)(1)(D).

15.  Page 12, paragraph 67:  The Guidelines provide for a fine range from $12,500 to

$500,000.  U.S.S.G. § 5E1.2(c)(3) and (4).

Respectfully submitted,

_____/s/_____
Cheryl D. Stein #256693
706 12th Street, N.E.
Washington, D.C.  20002
(202) 544-5494
  Attorney for Jesse Hunt

-4-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Response to Presentence Report was hand-delivered to Linsey Epson, U.S. Probation Office, U.S. District Court, 333 Constitution Avenue, N.W., Washington, D.C. 20001, this 21st day of December, 2006.

_____/s/_____
Cheryl D. Stein