UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No. 06-173 (JR) |
| LINWOOD ASHTON | : |

### DEFENDANT'S MOTION TO CONVERT SENTENCING DATE TO PRE-SENTENCING HEARING TO CORRECT ERRORS IN PSI

Defendant Linwood Ashton, by his attorney, moves this court to convert the sentencing scheduled for January 10, 2007, at 9:00 a.m., to a pre-sentencing hearing. In support of this request defendant states the following:

1. The presentence report states that the offense level for the defendant's offense of conviction is 34: 32 for the weight of the drugs, plus 2 points for the schoolyard enhancement. This calculation is erroneous, as was pointed out by the defendant in his response to the draft presentence report. The probation office has persisted in this error in the final presentence report.

2. The DEA analysis entered into evidence by the government shows that the net weight of the PCP for which the defendant was convicted was 181.7 grams. The Drug Quantity Table at § 2D1.1 of the U.S.S.G. states that a quantity of at least 100 grams, but less than 400 grams, of PCP is a level 26 offense. To reach a level 32, which is where the presentence report begins its calculation, requires at least one kilogram of PCP – a quantity more than five times as great as that charged to the defendant.

3. The presentence report also rejects the defendant's argument that the weight of the marijuana should not be included because the jury did not find him guilty on the marijuana count. It relies in part on a ruling it cites from Judge Bates to the effect that relevant conduct need be supported only by a preponderance of the evidence. Defendant is not familiar with Judge Bates's opinion, but his conclusion – if correctly stated by the probation officer – is wrong. The Supreme Court has held that "the *Sixth Amendment* requires juries, not judges, to find facts relevant to sentencing. (Emphasis in original.)" *United States v. Booker,* 543 U.S. 220, 245 (2005). The report is correct, however, in its statement that the answer to this question does not affect the final guideline determination. It is wrong only in concluding what that determination is.

4. The drug conversion chart states that one gram of PCP equates to one kilogram of marijuana. Therefore, 181.7 grams of PCP equals 181.7 kilograms of marijuana. Adding in the .0998 kilogram of marijuana charged in the indictment yields a total weight of 181.7998 kilograms of marijuana. A quantity of more than 100, but less than 400, kilograms of marijuana is – once again – a level 26 offense.

5. The defendant is requesting that the sentencing date be converted to a pre-sentencing hearing so that the court can order the probation office to correct the presentence report. It is unwise to leave such an egregious error in the record. It could create unnecessary difficulties in the event of an appeal. It would lead someone who is reviewing the record to conclude that a sentence that was actually within the correct guideline range represented a substantial downward departure. It might – although the defendant has not had time to investigate this matter – affect the defendant's eligibility for programs within the Bureau of Prisons.

**WHEREFORE,** the defendant prays that his sentencing date of January 10 be converted to a pre-sentence hearing date in order to correct the erroneous guideline calculation in the presentence report. A date for the imposition of sentence can be selected at that time in open court.

Respectfully submitted,

_____/s/_____
Cheryl D. Stein #256693
706 12th Street, N.E.
Washington, D.C. 20002
(202) 388-4682
   Attorney for Linwood Ashton