UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-173 (JR) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINWOOD ASHTON | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

**I.   BACKGROUND**

The Defendant was charged in a five-count indictment with (Count One) Unlawful Possession with Intent to Distribute Phencyclidine and PCC, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(C), (Count Two) Unlawful Possession with Intent to Distribute Phencyclidine and PCC[1] Within 1000 Feet of a School, in violation of 21 U.S.C. § 860(a), (Count Three) Unlawful Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(D), (Count Four) Unlawful Possession with Intent to Distribute Cannabis Within 1000 Feet of a School, in violation of 21 U.S.C.§ 860(a), and (Count Five) Simple Possession of a Controlled Substance, in violation of 21 U.S.C. § 844(a).  After a three-day jury trial before the Court, the Defendant was convicted on October 23, 2006, of Count Two of the Indictment - Unlawful Possession with Intent to Distribute Phencyclidine and PCC Within 1000 Feet of a

---

[1]   The active drug in PCC is Piperdinocyclohexanecarbonitrile.

School, in violation of 21 U.S.C. § 860(a).[2]

At trial the Government presented evidence that on February 23, 2006, police officers conducted a traffic stop of the Defendant in the 600 block of Seventh Street, Northeast. When the officers approached the car that the Defendant was driving, they smelled a heavy, pungent chemical odor that was consistent with Phencyclidine ("PCP"). The Defendant was arrested after the officers determined that the Defendant's driver's permit was suspended, and the police then searched the car the Defendant was driving. The police recovered from the car two green bottles which contained a mixture of 181.7 grams of PCP and PCC, three small bottles which contained a mixture of .89 grams of PCP and PCC, one bag containing 99.8 grams of marijuana, and six zip locks containing .59 grams of heroin.

## II. SENTENCING CALCULATION

### A  Statutory Minimums and Maximums

Pursuant to 21 United States Code §§ 860, 841(1)(1), and 841(b)(1)(C), Count One carries a minimum sentence of one year imprisonment and a maximum sentence of 40 years imprisonment, a $2,000,000.00 fine and at least six years of supervised release.

### B.  Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's base offense level at 34. See PSR ¶ 16. (This calculation contemplates a base offense level of 2 plus a base offense of 32 resulting from a calculation of 1,817 kilograms of marijuana equivalency or a calculation of at least 100 but less than 300 grams

---

[2]  The Defendant was acquitted of Counts One, Three and Five of the Indictment, and the Court declared a mistrial with respect to Count Four of the Indictment.

of actual PCP). The Government agrees with the Defendant that there appears to be an error in the calculation of the base offense level because although the offense involved a net amount of 181.7 grams of PCP, the actual PCP involved in this offense is 16.2 grams.[3] Thus, the appropriate base offense level is 28 (2 plus the offense level of 26). See U.S.S.G. §§ 2D1.1(c)(7), 2D1.2(a)(1). The PSR correctly calculates the Defendant's criminal history as Category III. See PSR ¶ 32. Therefore, the Guidelines range for the Defendant is at 97 to 121 months.

### III. GOVERNMENT'S RECOMMENDATIONS

Revision of PSR

The Government agrees that there appears to be an error in the calculation of the conversion of the PCP to marijuana under the Drug Equivalency Table of the Guidelines. Therefore, the Government recommends that the Court continue the sentencing to allow the United States Probation Office to review and re-calculate the Defendant's Base Offense Level in order to ensure its accuracy.

---

[3] See U.S.S.G. § 2D1.1(c) Notes to Drug Quantity Table (B). Furthermore, Government counsel has consulted Drug Enforcement Administration ("DEA") Chemist Jamie Eshelman who confirmed that the net weight of 181.7 grams of PCP reflected in the DEA Laboratory Report admitted into evidence at trial does not reflect the actual PCP. Upon reviewing the DEA Laboratory Report in this case, Ms. Eshelman indicated that the pure or actual PCP is 16.1 grams.

**IV.     CONCLUSION**

Wherefore, the Government respectfully requests that the Court allow the United States Probation Office to review and re-calculate the Defendant's Base Offense Level and Guidelines Range.

    Respectfully submitted,

    JEFFREY A. TAYLOR
    United States Attorney
    D.C. Bar 498-610

    _____
    Precious Murchison
    Assistant United States Attorney
    Federal Major Crimes Section
    Maryland Bar
    555 4th Street, N.W.
    Washington, DC 20530
    (202) 307-6080
    Fax: 353-9414
    Precious.Murchison@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served to counsel for the Defendant, Cheryl Stein, Esquire, 706 12th Street, NE, Washington, D.C., 20002, facsimile number 202-388-4683 on this 9th day of January 2007.

    _____
    Precious Murchison
    Assistant United States Attorney